# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| KING & PRINCE SEAFOOD CORP. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

DAI Doctor's Associates Inc. ("DAI" or "Plaintiff") for its Complaint against Defendant King & Prince Seafood Corporation ("K&P" or "Defendant"), alleges as follows:

### Introduction

1. This is an action for declaratory judgement and other relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of declaring that DAI's use of its trademark SUBWAY SEAFOOD SENSATION for sandwiches does not infringe upon, violate, dilute or otherwise unfairly compete against any trademark right claimed by K&P, and further that K&P is barred from asserting any such claim by the equitable doctrine of laches.

### Parties

2. DAI is a Florida corporation having an address at 325 Sub Way, Milford, Connecticut 06461.

3. Upon information and belief, K&P is a Georgia corporation with a principal place of business at 1 King & Prince Boulevard, Brunswick, Georgia, 31520.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction based on 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 2201(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), and 1391(c), because K&P is subject to the Court's personal jurisdiction and because a substantial part of the events giving rise to this cause of action took place in the District.

6. This Court has personal jurisdiction over K&P by virtue of, *inter alia*, (1) K&P having systematic and continuous contacts with Connecticut, (2) K&P transacting and doing business in Connecticut, (3) K&P having an interactive website that is accessible in Connecticut, and (4) K&P sending a cease and desist letter to DAI's place of business in Milford, Connecticut demanding that DAI stop using its SUBWAY SEAFOOD SENSATION trademark in Connecticut and elsewhere.

**Facts**

7. DAI is the owner of a proprietary system establishing and operating restaurants featuring sandwiches and salads under the trademark SUBWAY®. DAI developed this system spending considerable time, money, and effort. The system includes the trademark SUBWAY, and other trademarks. This system also includes goodwill associated with the marks, copyright, trade dress, recipes, formulas, food preparation procedures, business methods, forms, policies, and all other techniques.

8. DAI licenses others to operate SUBWAY restaurants under the SUBWAY system. In the United States there are currently about 27,000 SUBWAY restaurants licensed by DAI. DAI has continuously used SUBWAY as a trade name for its SUBWAY restaurants since at least as early as August 21, 1967.

9. DAI is the owner of the following U.S. Trademark Registrations for various SUBWAY marks: 1,174,608; 1,307,341; 1,387,847; 1,514,071; 1,524,986; 1,630,440; 1,627,774; 1,737,353; 1,883,799; 1,896,378; 1,909,034; 1,925,713; 2,134,253; 2,162,105; 2,504,512; 2,591,069; 2,567,334; 3,296,655; 3,445,885; 3,503,520; 3,503,521; 3,355,021; 3,310,928; 3,293,264; 3,693,027; 3,444,168; 3,536,637; 3,696,969; 3,643,521; 3,695,144; 3,679,096; 3,679,100; 3,746,362; 3,774,480; 3,869,196; 3,013,320; and 2,732,170. These registrations are valid and subsisting. The SUBWAY mark and SUBWAY logo trademark are famous trademarks.

10. In 2004 DAI began adverting and selling a sandwich under the SUBWAY SEAFOOD SENSATION mark at its SUBWAY restaurants throughout the United States.

11. DAI has continuously sold the SUBWAY SEAFOOD SENSATION sandwich since 2004.

12. DAI has invested substantial effort and resources in developing and promoting its product under its SUBWAY SEAFOOD SENSATION trademark.

13. DAI's SUBWAY SEAFOOD SENSATION trademark is widely recognized by customers as identifying and distinguishing DAI's sandwiches. DAI owns the considerable and valuable goodwill associated with its SUBWAY SEAFOOD SENSATION trademark.

14. Having continuously used the SUBWAY SEAFOOD SENSATION trademark to promote and sell its sandwiches, DAI owns all rights in the SUBWAY SEAFOOD SENSATION trademark.

15. K&P is a bulk producer and wholesale seller of seafood products.

16. Upon information and belief, K&P distributes a seafood product, which is sold in 14-pound cases with a frozen shelf life of 12 months, under the trademark SEAFOOD SENSATIONS ("K&P trademark").

17. Upon information and belief, K&P owns U.S. trademark registration no. 3,996,621 for the K&P trademark.

18. Upon information and belief, K&P sells its product under the K&P trademark exclusively to other distributors and retailers.

19. Upon information and belief, neither K&P nor is distributors nor its retailers sell a product to consumers under the K&P trademark.

20. Upon information and belief, K&P does not sell its K&P trademark product to retail consumers.

21. Upon information and belief, K&P exclusively sells its imitation crab meat product in large wholesale quantities.

22. Upon information and belief, K&P does not own or operate any retail restaurants.

23. Upon information and belief, K&P does not sell sandwiches.

24. DAI and K&P are not competitors.

25. Upon information and belief, K&P has had actual notice of DAI's marketing and sale of SUBWAY SEAFOOD SENSATION sandwich since 2004.

26. Upon information and belief, K&P has taken no actions to enforce its purported trademark rights against DAI in the eleven years K&P has had actual notice of DAI's trademark and substantial sales thereunder.

27. After using its SUBWAY SEAFOOD SENSATION trademark in an open and notorious manner continuously for more than eleven years, DAI received a cease and desist letter from K&P on September 29, 2015 demanding DAI cease using its SUBWAY SEAFOOD SENSATION trademark.

28. DAI was not aware of K&P's trademark rights, if any, and DAI was not aware that K&P objected to DAI's use of the SUBWAY SEAFOOD SENSATION mark, until it received the cease and desist letter, that stated:

> [W]e demand that Subway immediately and permanently cease all use of the term SEAFOOD SENSATIONS (sic) in connection with sandwiches and seafood related products. Please provide written confirmation that you will comply with this demand no later than October 8, 2015. Your failure to respond to this letter in a timely and appropriate manner will force King & Prince to consider alternative legal action against your company.

29. DAI responded to K&P by letter of October 16, 2015, explaining that DAI did not agree to cease its use of its SUBWAY SEAFOOD SENSATION trademark as requested by K&P because there was no likelihood of confusion.

30. K&P responded on November 6, 2015, reiterating its demand that DAI cease use of DAI's SUBWAY SEAFOOD SENSATION trademark. In the alternative, K&P offered to license its purported trademark rights to DAI, stating that:

> [K&P] would be willing to license its trademark for a 10% royalty on net sales revenue from all related products for the past six (6) years and then going forward royalty thereafter to be paid quarterly. Alternatively, King & Prince may be willing to take a reduced royalty amount if DAI buys all of its surimi based product from King & Prince.

31. DAI is not aware of any actual confusion between the SUBWAY SEAFOOD SENSATION sandwich and product sold under the K&P trademark.

32. There is no likelihood of confusion between the SUBWAY SEAFOOD SENSATION sandwich and the K&P trademark and products thereunder.

## COUNT I
### Declaratory Judgment of Non-Infringement Based on No Likelihood of Confusion

33. DAI repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

34. DAI and its products have not infringed and are not infringing on any valid trademark right of K&P because there is no likelihood of confusion.

35. There is an actual, substantial, and continuing justiciable controversy between DAI and K&P regarding the alleged validity, enforceability, and scope of K&P's trademark.

36. On information and belief, unless enjoined, K&P will continue to charge that DAI has infringed or is infringing on K&P's trademark.

37. On information and belief, unless enjoined, the conduct of K&P will irreparably harm and will interfere with the ability of DAI to sell its products.

38. By reason of the foregoing, DAI is entitled to entry of a judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that DAI has not infringed the K&P trademark.

## COUNT II
### Declaratory Judgment that K&P is Barred By Laches from Asserting its Purported Trademark

39. DAI repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

40. DAI has continuously marketed and sold sandwiches under the SUBWAY SEAFOOD SENSATION trademark since 2004.

41. DAI's use of its trademark has been open and notorious, continuous, and substantial.

42. Upon information and belief, K&P has had actual knowledge of DAI's use of the SUBWAY SEAFOOD SENSATION trademark in 2004.

43. K&P failed to assert its purported trademark rights against DAI for eleven years to the prejudice of DAI.

44. K&P is barred from asserting any purported right in the K&P trademark against DAI under the equitable doctrine of laches.

45. There is an actual, substantial, and continuing justiciable controversy between DAI and K&P regarding the alleged validity, enforceability, and scope of K&P's trademark.

46. On information and belief, unless enjoined, the conduct of K&P will irreparably harm and interfere with the ability of DAI to sell its products.

47. By reason of the foregoing, DAI is entitled to entry of a judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that K&P is barred from asserting its purported rights in the K&P trademark against DAI.

## COUNT III
### Declaratory Judgment of No Dilution

48. DAI repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

49. The K&P mark is not famous as defined by 15 U.S.C. § 1125(c), i.e., it is not widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner.

50. DAI's use of SUBWAY SEAFOOD SENSATION for sandwiches is not substantially similar to any claimed mark of K&P.

51. The use of the SUBWAY SEAFOOD SENSATION mark for sandwiches is not likely to dilute the alleged distinctive quality or harm the reputation of K&P's claimed mark.

52. DAI seeks a declaratory judgment from this Court that the use of SUBWAY SEAFOOD SENSATION for sandwiches does not constitute trademark dilution under the Lanham Act.

## COUNT IV
### Declaratory Judgment of No False Designation of Origin

53. DAI repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

54. DAI's SUBWAY SEAFOOD SENSATION sandwiches clearly originate from DAI and its SUBWAY restaurants and promote no connection or association with K&P.

55. DAI seeks a declaratory judgment from this Court that the use of SUBWAY SEAFOOD SENSATION with sandwiches does not constitute a false designation of origin.

## COUNT V
### Declaratory Judgment of No Unfair Competition

56. DAI repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

57. DAI's SUBWAY SEAFOOD SENSATION sandwiches make no mention of K&P or any protectable elements thereof and is not confusingly similar to K&P or any goods associated therewith. Therefore, the marketing and sale of such sandwiches does not constitute unfair competition with K&P of its claimed mark.

58. DAI seeks a declaratory judgment from this Court that the use of SUBWAY SEAFOOD SENSATION with sandwiches does not unfairly compete with K&P's claimed mark.

## PRAYER FOR RELIEF

WHEREFORE, DAI prays for judgment as follows:

A. The past, present and continued manufacture, marketing and sale of the SUBWAY SEAFOOD SENSATION sandwiches does not infringe, unfairly compete with, or dilute K&P's claimed mark or falsely designate the origin of DAI's sandwiches or otherwise constitute a violation of any of K&P's rights;

B. K&P, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against DAI, or any of its affiliates, or anyone in privity with them with respect to the manufacture, marketing and sale of DAI's SUBWAY SEAFOOD SENSATION products;

C. DAI have and recover from K&P reasonable attorneys' fees, costs and disbursements of this civil action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

D. DAI have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

DAI demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

Date: November 24, 2015     */s/ Walter B. Welsh*
Walter B Welsh, ct27210
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
Telephone: (203) 703-0800
Facsimile: (203) 703-0801
wwelsh@whipgroup.com
litigation@whipgroup.com

*Attorneys for DAI Doctor's Associates Inc.*